FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 MAR 10 AM 11:25
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LESLIE SCOTT MCKINNEY, )
)
    Plaintiff, )
)
v. ) CASE NO. CV412-312
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 17), to which objections have been filed (Doc. 19). After a careful de novo review of the record, the Court finds Defendant's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion and this case is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to **CLOSE** this case.

In her objections, Defendant contends that "the school records submitted to the Appeals Council would [not] have changed the administrative result." Specifically, Defendant argues that the Administrative Law Judge's ("ALJ") finding that Plaintiff had concentration

limitations and struggled to set independent work goals accounts for any cognitive deficits that the school records may have indicated. (Doc. 19 at 1-2.) Defendant also argues that Plaintiff's ability to perform a semi-skilled job as a gas station maintenance worker negates the possibility of any cognitive impairment that the school records could have suggested. (Id. at 2.) The Court disagrees.

The ALJ clearly stated that "[a]bsent Dr. Karp's findings, the record does not indicate that [Plaintff] has any learning disabilities or cognitive impairment." (Doc. 7, Attach. 2 at 26.) He also found that Plaintiff's difficulties where either the result of his limited educational level or drug use. (Id. at 28.) The school records, which powerfully suggest that Plaintiff had cognitive impairments from an early age, constitute new evidence precisely where the ALJ found the record lacking. In addition, these records lend credence to Dr. Karp's findings and conclusions, which the ALJ found lacked corroborating evidence. (Id. at 27.)p Accordingly, the Court finds Defendant's argument that the inclusion of the school records would not have changed the ALJ's analysis to be without merit.

Defendant also objects to the Magistrate Judge's finding that the Appeals Council was "obligated to elaborate" (Doc. 17 at 11) on the school records in its denial of appeal because another ALJ found them so convincing. (Doc. 19 at 2.) Here, however, Defendant is simply mistaken as to what the report and recommendation actually says: the Appeals Council should have addressed the school records because of their high probative value, not because of any subsequent finding by another ALJ. Epps v. Harris, 624 F.2d, 1267, 73 (5th Cir. 1980).[1]

Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion and this case is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to **CLOSE** this case.

SO ORDERED this 10th day of March 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.